## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY HARLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 24-CV-2639** |
| | : | |
| **PHILADELPHIA SEPTA** | : | |
| **TRANSPORTATION** | : | |
| **HEADQUARTERS,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM</u>

**BEETLESTONE, J.**                                                          **July 11     , 2024**

Plaintiff Mary Harley brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 against:

(1) Philadelphia SEPTA Transportation Headquarters; (2) "Philadelphia SEPTA Transportation

Board Members"; (3) "Philadelphia SEPTA Transportation City Drivers"; and (4) "All SEPTA

Drivers Buses & Trains."[1]  (ECF No. 2, "Compl.," at 2-3.)[2]  She seeks leave to proceed *in forma*

*pauperis*.  (ECF No. 1.)  For the following reasons, the Court will grant Harley leave to proceed

*in forma pauperis* and dismiss her Complaint.

## I.    FACTUAL ALLEGATIONS

Harley alleges that she is being discriminated against and harassed whenever she rides a

SEPTA bus or train in the City of Philadelphia.  (Compl. at 4.)  Specifically, she alleges that

whenever she is traveling on a SEPTA vehicle, the driver:

---

[1] The Defendants listed in the caption of the Complaint do not match the Defendants listed in the body of the Complaint, so the Court adopts the broadest reading for purposes of this Memorandum.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

> turn[s] on these control buttons underneath the steering wheel and this very loud
> concentration from city [and] state officials start hollering at me connecting the
> engine to my mind straining on my brain causing migraines vibrating my tongue
> trying to force me to talk[.]  [T]hey call me a drug [and] alcohol user and other
> degrading names[.]  Septa put my daughter voice on the bus to talk dirty to men
> who all look straight forward as if they are getting a vision of her.

(*Id.*)  Harley adds that SEPTA is also sharing her daughter's personal information with the public, broadcasting sounds of her daughter being raped, and "hollering" at her through utility poles and the electric fan in her home.  (*Id.*)  Based on these and similar allegations, Harley seeks damages in the amount of $100 million to compensate her and her family.  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court grants Harley leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this case.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous.  A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III.   DISCUSSION

### A.  Claims Brought on Behalf of Others

Harley is, in part, attempting to bring claims on behalf of her daughter and, perhaps, other family members.  Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts.  Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so.  *See Osei-Afriyie v. Med. Coll. of*

*Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed pro se reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))).  Although an individual may represent herself pro se, a non-attorney may not represent other parties in federal court.  *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim.  *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)).  For these reasons, any claims that Harley brings on behalf of her daughter or anyone else must be dismissed without prejudice for lack of standing.

   **B.  Harley's Claims**

   Harley may not proceed on her own claims because her allegations lack a basis in fact. Harley asserts violations of her civil rights based on allegations that individuals who work for SEPTA are controlling her mind through buttons on SEPTA vehicles and harassing her by broadcasting matters about her and her daughter and speaking to her through utility poles and electric fans.  These allegations are wholly incredible.  Accordingly, the Court will dismiss Harley's claims, without leave to amend, as factually baseless.  *See, e.g., Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020),

*aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)); *see also Harley v. Dep't of Hum. Servs.*, No. 23-3144, 2023 WL 5517567, at *1 (E.D. Pa. Aug. 24, 2023) (dismissing one of Harley's prior "*pro se* civil rights action[s brought] on behalf of her daughter based on allegations that several state, municipal, and private entities harmed her daughter by controlling her mind"); *Harley v. City of Philadelphia City Gov't*, No. 21-3680, 2021 WL 4844156, at *2 (E.D. Pa. Oct. 18, 2021) (dismissing as frivolous Harley's claims based on "a conspiracy by Defendants to target her with wiring, voices, and electrical activity, and to murder her").

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Harley's clams as frivolous and dismiss claims she brought on behalf of others without prejudice for lack of standing.  An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**